IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SAUCY BREW WORKS, LLC, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE CINCINNATI INSURANCE COMPANY,<br><br>Defendant. | CASE NO.: _____<br><br>JUDGE _____ |

**PETITION AND NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant The Cincinnati Insurance Company ("Defendant") hereby gives notice of the removal of the action filed by plaintiff Saucy Brew Works, LLC ("Plaintiff") in the Cuyahoga County Court of Common Pleas (Case No. CV-20-932532) to the United States District Court for the Northern District of Ohio. Attached hereto as Exhibit A is a true and correct copy of the entire file on record with the Cuyahoga County Court of Common Pleas, including true and accurate copies of the docket, complaint, summons, and proof of service.  In support of this *Petition and Notice of Removal*, Defendant states as follows:

**I.      Nature of the Case**

1.      This lawsuit arises out of Defendant's denial of Plaintiff's insurance claim for business losses allegedly associated with the COVID-19 virus (also known as SARS-CoV-2 or the Novel Coronavirus).  (*See generally*, Complaint, attached hereto as Exhibit A.)

2.      Specifically, Plaintiff alleges that it was forced to shut down its restaurant business as a result of the COVID-19 pandemic and the State of Ohio's stay-at-home orders and restrictions on restaurants' ability to conduct business other than carry-out and delivery. (Compl., Ex. A, ¶¶ 17-26.)

3.      Plaintiff made a claim against its commercial business owner policy for the associated losses, including business income loss.  (Compl., Ex. A, ¶¶ 7, 28.)  Defendant denied coverage because, among other things, COVID-19—even if actually present at a property—does not cause a direct physical loss, and direct physical loss is required to trigger any coverage under Plaintiff's policy.  (*Id.* ¶¶ 16, 28, 34, 37, 52.)  Thereafter, Plaintiff filed this suit.

4.      As set forth in detail below, this case is removable pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA") because there is minimal diversity between the defendant and the putative class, which exceeds 100 members, and the amount in controversy exceeds $5 million.

5.      By removing this action, Defendant does not waive and expressly reserves any arguments or defenses available to it, including, but not limited to, any arguments or defenses relating to class certification, and any defenses based on personal jurisdiction, improper venue, and improper or lack of service of process.

6.      Likewise, by removing this action, Defendant does not admit any of the allegations in Plaintiff's Complaint.

## II.     Procedural Background

7.      Plaintiff initiated this action on May 12, 2020 by filing a Complaint in the Cuyahoga County Court of Common Pleas captioned *Saucy Brew Works, LLC v. The Cincinnati Insurance Company*, Case No. CV-20-932532.  Defendant was served with a copy of the complaint on May 16, 2020.  (*See* Summons and Proof of Service, Ex. A.)

8.    Defendant has not filed a responsive pleading in the state-court action.

9.    In the Complaint, Plaintiff asserts two causes of action: (1) declaratory judgment on the issue of coverage related to COVID-19; and (2) breach of contract.  (Compl., Ex. A, ¶¶ 49-64.)

10.    The Complaint also seeks to certify the following classes:

    a.    Declaratory Relief Class (Count I): All businesses and entities throughout the United States who, from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policies issued by [The Cincinnati Insurance Company] and denied Business Income loss, Extra Expense and/or Civil Authority coverage due to COVID-19.

    b.    Restitution/Monetary Relief Sub-Class (Counts I, II): All businesses and entities throughout the United States who from January 1, 2020 to the present have been insured by Commercial and/or Business Owner Policies issued by [The Cincinnati Insurance Company] and denied Business Income, Extra Expense and/or Civil Authority coverage due to COVID-19.

(Compl., Ex. A, ¶ 39.)

11.    The Complaint seeks, on behalf of the Plaintiff and each class member: declaratory relief, compensatory damages exceeding $25,000, restitution, prejudgment interest, punitive damages, attorneys' fees and costs, and other, unspecified relief.  (Compl., Ex. A, Prayer for Relief at pp. 16-17.)

III.    **Basis for Removal**

   A.    **This Case is Removable Pursuant to CAFA and 28 U.S.C. § 1453**

        1.    **This Court has original jurisdiction Under CAFA.**

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) because: (1) the matter in controversy is a class action where a member of the putative class is a citizen of a state different from the defendant; (2) the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (3) the number of members of the proposed plaintiff class exceeds 100.  *See* 28 U.S.C. § 1332(d), as amended by The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4; 28 U.S.C. § 1453 (allowing removal of class actions covered by Section 1332(d)); *In re Mortgage Elec. Registrations Sys. Inc.*, 680 F.3d 849, 853 (6th Cir. 2012).

        2.    **Plaintiff filed this case as a class action.**

13.    This lawsuit is a putative class action as defined by 28 U.S.C. § 1332(d)(1)(B). CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  *Id.*

14.    Here, Plaintiff titles its Complaint "Plaintiff's Class Action Complaint" and expressly seeks to represent two putative nationwide classes,[1] citing Ohio Civil Rule 23—the state-law equivalent of Federal Rule 23.  (Compl., Ex. A, Caption & ¶ 39.)  Accordingly, this action is brought on behalf of a putative class as defined under CAFA.

---

[1] Plaintiff's Complaint also references, but does not define, an "Ohio State Bad Faith Sub-Class" or "Ohio State Sub-Class for Insurance Bad Faith." (Compl., Ex. A, ¶ 39 and Prayer for Relief at p. 17.)

### 3.      There is minimal diversity between the parties.

15.      Defendant is an Ohio corporation with its principal place of business in Ohio. (*See* Compl., Ex. A, ¶ 2.)  Plaintiff alleges that the putative nationwide classes that it seeks to certify consist of "many thousands and possibly millions" of members "geographically dispersed throughout the United States of America."  (Compl., Ex. A, ¶ 42.)  Accordingly, at least one plaintiff is a citizen of a different state than the Defendant, satisfying CAFA's minimal-diversity requirement.  28 U.S.C. § 1332(d)(2)(A).

### 4.      The amount in controversy exceeds the $5 million jurisdictional minimum.

16.      For purposes of removal, a defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).

17.      As a result, Courts find it appropriate to use estimates when calculating the amount in controversy under CAFA.  *See, e.g., Franklin v. CitiMortgage, Inc.*, No. 1:11-cv-608, 2012 WL 10192, at *4-5 (S.D. Ohio Jan. 3, 2012) (citing with approval cases in which courts accepted defendants' estimates of the amount in controversy, and finding that "[i]t is not incumbent upon  a defendant to establish to a legal certainty that the amount in controversy exceeds the jurisdictional threshold, but merely to show that it is more likely than not that the damages will exceed that threshold").  Defendants may satisfy their burden to establish the amount in controversy by using "calculation from the complaint's allegations," among other means.  *See Norris v. People's Credit Co.*, No. 1:12CV3138, 2013 WL 5442273, at *3 (N.D. Ohio Sept. 27, 2013).

18.      Here, Plaintiff specifically seeks a monetary award "in excess of $25,000" on behalf of each class member, plus punitive damages, attorneys' fees, and declaratory relief.

(Compl., Ex. A, Prayer for Relief at p. 16-17.)  Plaintiff further alleges that the class consists of "many thousands and possibly millions" of members.  (Compl., Ex. A, ¶ 42.)

19.     Even assuming a potential class of just 2,000 members (the most conservative of Plaintiff's estimates) and using Plaintiff's minimum-$25,000 compensatory damages claim, the amount in controversy would be at least $50 million—ten times the amount required to establish jurisdiction under CAFA—without consideration of Plaintiff's demands for punitive damages and attorneys' fees, or the value of declaratory relief.  Accordingly, Plaintiff's Complaint clearly satisfies CAFA's $5 million amount-in-controversy threshold.

### 5.     The proposed class exceeds 100 members.

20.     Plaintiff alleges that the proposed class or classes "number at least in the many thousands and possibly millions."  (Compl., Ex. A, ¶ 42.)  Thus, Plaintiff has admitted that this putative class action satisfies CAFA's 100-member threshold.

### B.     All Procedural Elements for Removal Are Satisfied.

21.     This *Petition and Notice of Removal* is timely under 28 U.S.C § 1446(b) because it is filed within thirty (30) days of May 16, 2020—the date on which Defendant was served with the Complaint.  *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

22.     This action is properly removed to this Court because the state court action is pending within this district.  28 U.S.C. § 1441.

23.     As set forth above, the United States District Court for the Northern District of Ohio has jurisdiction over this action under 28 U.S.C. § 1332(d).

24.     Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit A is a true and correct copy of the entire file of record with the court in the state court action, including true and

accurate copies of the docket, complaint, summons, and proof of service filed with the Cuyahoga County Court of Common Pleas.

25.     Pursuant to 28 U.S.C. § 1446(d), Defendant will file a copy of this *Petition and Notice of Removal* in the Cuyahoga County Court of Common Pleas, Case No. CV-20-932532, contemporaneously with this filing.  SAUCY B

**IV.     Conclusion**

WHEREFORE, Defendant hereby removes this action from the Cuyahoga County Court of Common Pleas to the United States District Court for the Northern District of Ohio, so this Court may assume jurisdiction over the case as provided by law.

Dated: June 15, 2020               Respectfully submitted,

*/s/Michael K. Farrell*
Michael K. Farrell (0040941)
Email:  mfarrell@bakerlaw.com
Daniel M. Kavouras (0089773)
Email:  dkavouras@bakerlaw.com
BAKER & HOSTETLER LLP
127 Public Square, Suite 2000
Cleveland, OH  44114-1214
Telephone:  216.621.0200
Facsimile:  216.696.0740

Rodger L. Eckelberry (0071207)
Email: reckelberry@bakerlaw.com
BAKER & HOSTETLER LLP
200 S. Civic Center Dr., Suite 1200
Columbus, OH  43215-4260
Telephone: 614.228.1541
Facsimile: 614.462.2616

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 15, 2020 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/Michael K. Farrell*
One of the Attorneys for Defendant
